ISAY FRIEDMAN & another[1] *vs.* HARRY N. GORIN & others, trustees[2]. April 7, 1971. By this bill in equity the plaintiffs seek to compel the payment of dividends, and the removal of two of the trustees of Security Boston Trust, a Massachusetts real estate trust. The judge made comprehensive findings of fact. The evidence is reported. From a decree dismissing the bill, the plaintiffs appealed. The trust instrument provides that the trustees may declare dividends "in their discretion," and that without such a declaration, "no Shareholder shall have any right to any dividends." The plaintiffs argue that the trustees abused their discretion by paying off a $500,000 four per cent mortgage instead of using the money in whole or in portion to pay larger dividends. While, as the judge stated, one may question the wisdom of this decision, we cannot say that he erred in concluding that it did not amount to an abuse of the sound discretion of the trustees. *Crocker* v. *Waltham Watch Co.* 315 Mass. 397, 402–403. *Bomeisler* v. *M. Jacobson & Sons Trust*, 118 F. 2d 261, 265 (1st Cir.). Alternatively, the plaintiffs argue that the refusal to pay larger dividends derives from either or both a conflict of interest between the trustees and the plaintiffs (based on the high income tax brackets of the trustees) and hostility between them (based on litigation involving another trust). This contention is based in part on evidence that the money used to pay off the mortgage might have been invested at a higher rate of interest. From an examination of the evidence, we perceive no basis for disturbing the decision of the trial judge who found that, whatever possible conflict or hostility existed, it was insufficient to warrant the removal of any trustee. *Massa* v. *Stone*, 346 Mass. 67, 75. Nor was it error to reject cumulative evidence of hostility.

*Decree affirmed with costs of appeal.*

*Morris Michelson* for the plaintiffs.
*Herbert P. Wilkins* for the defendants.

---

[1] The other plaintiff is Henry Friedman; together the plaintiffs held about six per cent of the outstanding shares of the trust.

[2] The other defendants are Frank Leeder and Herman B. Cohen; Leeder is now deceased. At the time this bill was brought these three trustees held about forty per cent of the outstanding shares of the trust.